IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE L. CRAWFORD, et al., )<br>              Petitioners.                    )<br>                                                    )<br>     v.                                             )<br>                                                    )<br>THE KINGDOM OF SAUDI ARABIA, et )<br>al.,                                              )<br>                                                    )<br>              Respondents.                 )<br>_____ ) | No. C 10-1105 MMC (PR)<br><br>**ORDER DENYING<br>PETITIONER'S MOTIONS;<br>DIRECTIONS TO CLERK**<br><br>**(Docket Nos. 11, 12, 15, 16)** |

On March 15, 2010, petitioner, a prisoner incarcerated in Bishopville, South Carolina, filed, on behalf of himself and more than forty other prisoners, the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. That same date, the Court notified petitioner in writing that the action was deficient due to petitioner's failure to pay the requisite filing fee or, instead, to submit a completed court-approved in forma pauperis ("IFP") application. Petitioner was further advised that his failure to pay the filing fee or, alternatively, to file a completed IFP application, within thirty days, would result in dismissal of the action. Along with said notice, petitioner was sent a copy of the court-approved prisoner's IFP application, instructions for completing it, and a return envelope.

When more than thirty days had passed after the deficiency notice was sent to

petitioner and he had not filed an IFP application or paid the filing fee, the Court, by order filed April 23, 2010, dismissed the action without prejudice. Thereafter, petitioner sought from the Ninth Circuit a writ of mandamus, directing that the action be reopened. The Ninth Circuit denied the petition on August 10, 2010. (Docket No. 21.)

Now pending before the Court are several motions filed by petitioner by which he seeks to have the Court reopen the instant action and rule on his IFP status based on an IFP application he filed subsequent to dismissal of the case; additionally, petitioner seeks to have the instant action proceed as a class action on behalf of himself and his more than forty co-petitioners.[1]

Petitioner's motions will be denied. As noted above, the instant action was dismissed without prejudice. Thus, petitioner is not precluded from filing a new action that includes a completed, timely-filed IFP application.

Further, petitioner may not proceed with a class action. Generally, pro se litigants are prohibited from pursuing claims on behalf of others in a representative capacity. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008); Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself."). In particular, pro se prisoners may not act as class representatives because they cannot fairly and adequately protect the interests of the class. See Fed. R. Civ. P. 23(a); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). Petitioner herein is an incarcerated litigant who cannot ably protect the interests of a class of similarly situated prisoners. Accordingly, petitioner and his co-petitioners must file separate

---

[1] In one of said filings (see Docket No. 16), petitioner also seeks an order of recusal, on the asserted ground that the Court's rulings were due to judicial bias against petitioner. Such allegations categorically fail to establish, under either 28 U.S.C. § 144 or 28 U.S.C. § 455, any basis for a determination that the Court's impartiality might reasonably be questioned, and, consequently, are insufficient as a matter of law. See Liteky v. United States, 510 U.S. 540, 555 (1994) (holding judicial rulings on basis of facts introduced or events occurring in course of judicial proceedings "almost never" provide grounds for recusal); United States v. Sibla, 624 F.2d 864, 868 (9th Cir. 1980) (holding affidavit seeking recusal not legally sufficient unless it alleges facts demonstrating bias or prejudice that "stems from an extrajudicial source").

actions raising their claims.

Lastly, subsequent to dismissal of the instant action and in addition to the above-referenced filings, petitioner and his co-petitioners have submitted numerous voluminous filings in this case. As noted above, petitioner may not bring claims on behalf of others. Accordingly, no further filings will be accepted in this action on behalf of any such individual(s), <u>and the Clerk of the Court is hereby directed henceforth to return to the sender any such document(s).</u>

For the foregoing reasons, petitioner's pending motions are hereby DENIED.

This order terminates Docket Nos. 11, 12, 15 and 16.

IT IS SO ORDERED.

DATED: September 22, 2010

_____
MAXINE M. CHESNEY
United States District Judge